FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN K.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | No. 2:17-cv-00204-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 12, and Defendant's Cross-Motion for Summary Judgment, ECF No. 18. The motions were heard without oral argument. Plaintiff is represented by Dana Madsen; Defendant is represented by Assistant United States Attorney Timothy Durkin and Special Assistant United States Attorney Thomas Elsberry.

**Jurisdiction**

On April 5, 2013, Plaintiff filed a Title II application for disability insurance benefits and at the same time filed a Title XVI application for supplemental security income. Plaintiff alleges an onset date of September 23, 2006.

Plaintiff's application was denied initially and on reconsideration. On July 9, 2015, Plaintiff appeared and testified at a hearing held in Spokane, Washington before an ALJ. Plaintiff testified and was represented by counsel, Dana C.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Madsen. K. Diane Kramer also appeared and testified as a vocational expert.

The ALJ issued a decision on December 17, 2015, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied the request on April 10, 2017. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on June 8, 2017. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1571. Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1510, 404.1572. If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(a)(4)(i). If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the impairment is severe, the evaluation proceeds to the third step. 20 C.F.R. § 404.1520(a)(4)(ii)

Step 3: Does the claimant's impairment meet, or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii); 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step. 20 C.F.R. § 404.1520(e).

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1545. An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *Id.*

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

## Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Statement of Facts

The facts have been presented in the administrative transcript, the ALJ's decision, and the briefs to this Court; only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was 54 years old. He is single with no children. He previously worked as a baggage handler for Alaska Airlines. He

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

stopped working in 2005. At that time, Alaska Airlines laid off the entire crew in order to reduce wages and benefits. Plaintiff attempted to obtain other jobs with no success.

Plaintiff broke his elbow when he was 14 years old. Throughout the years, his ability to move his elbow has deteriorated. At the hearing, he testified that he has difficulty using his right arm and hand. He also suffers from diabetes and reports numbness and tingling in his feet. He reports he can only walk about two blocks and then he has to sit down. He also complains of soreness in his back.

### The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2010. AR 21.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 23, 2006, the alleged onset date. AR 21.

At step two, the ALJ found Plaintiff has the following severe impairments: lumbar degenerative disc disease; degenerative joint disease of the left hip, history of right elbow fracture with post-traumatic degenerative joint disease; diabetes mellitus with peripheral neuropathy. AR 21.

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal any Listing. AR 21. Specifically, the ALJ reviewed Section 1.02 (Major Dysfunction of a Joint) and Section 1.04 (Disorders of the Spine) of the listings of impairments.

The ALJ concluded that Plaintiff has the residual functional capacity to perform:

> light work[1] as defined in 20 CFR 404.1567(b) and 416.967(b) except he can lift/carry no more than 20 pounds occasionally and 10 pounds

---

[1] (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

frequently with the left upper extremity; can lift/carry no more than 8-10 pounds occasionally with the right upper extremity; can frequently climb ramps/stairs; can frequently balance, crouch, kneel, and stoop; cannot crawl or climb ladders, ramps, or scaffolds; can have no exposure to unprotected heights, dangerous moving machinery, or commercial driving; can have no exposure to industrial vibration through the right upper extremity; cannot reach overhead with the right upper extremity; and can frequently handle and finger with the right hand.

AR. 22. At step four, the ALJ found that Plaintiff was not capable of performing past relevant work a referee and baggage checker, but found he could perform other work that exists in significant numbers in the national economy, including positions such as parking lot attendant; video clerk; and survey worker. AR 28-29.

**Issues**

1. Whether the ALJ properly considered and weighed the opinion evidence;

2. Whether the ALJ properly evaluated Plaintiff's symptoms claims;

3. Whether Plaintiff meets GRID Rule 20 C.F.R. Ch. III., Pt. 404, Subpt. P, App. 2, 201.09;

4. Whether the errors were harmless?

**Discussion**

*1. Whether the ALJ properly considered and weighed the opinion evidence*

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion evidence.

The medical opinion of a claimant's treating physician is given "controlling weight" as long as it "is well-supported by medically acceptable clinical and

---

the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 CFR §§ 404.1567(b); 416.967(b).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. § 404.1527(c)(2)-(6); *Id.* "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 675 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Plaintiff takes issue with the ALJ treatment of Dr. Conovalciuc's opinions. In 2008, Dr. Conovalciuc opined that Plaintiff was capable of light work, but then in 2013, concluded that Plaintiff was not capable of performing sedentary work and also that he would have difficulty working any job because of his diabetes. He also argues Dr. Shanks' 2006 opinion would not be applicable to Plaintiff's case by the time of the hearing. It appears he is also challenging the ALJ's rejection of Dr. Jamison's opinion regarding Plaintiff's ability to use his right hand.

### Dr. Jeffrey Jamison, D.O.

Dr. Jamison provided the most recent evaluation of Plaintiff. Dr. Jamison concluded that Plaintiff should never lift up to 10 lbs. in his right arm. The ALJ did not incorporate this limitation into the RFC because Plaintiff testified he

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

could lift five pounds with his right arm. The ALJ also rejected Dr. Jamison's conclusion because it was inconsistent with Dr. Jamison's findings that Plaintiff had 5/5 finger abduction, adduction, grip strength, wrist flexion-palmar flexion, wrist extension-dorsiflexion in the right hand and intact final manual motor dexterity.

The ALJ did not err in not incorporating all of Dr. Jamison's limitations in the RFC because it gave specific and legitimate reasons that are supported by substantial evidence in the record for doing so.

### Dr. Shanks

In 2006, Dr. Shanks, an examining medical source, concluded that Plaintiff was capable of light work. The ALJ gave Dr. Shanks' opinion substantial weight. Dr. Shanks' opinion is probative evidence regarding the relevant Title II period under review, but is not probative or material to the relevant period for Plaintiff's Title XVI claim.

### Dr. Conovalciuc

Dr. Conovalciuc examined Plaintiff on two separate occasions: in 2008 and in 2013. In 2008, Dr. Conovalciuc concluded that Plaintiff was capable of light work. In 2013, he opined that Plaintiff was severely limited and unable to meet the demands of sedentary work. He also believed that Plaintiff would have difficulty holding any job because of his diabetes. The ALJ gave substantial weight to Dr. Conovalciuc's 2008 opinion, but gave no significant weight to his 2013 opinion.

The ALJ did not err in rejecting Dr. Conovalciuc's 2013 opinion. The ALJ noted that Dr. Conovalciuc failed to provide any objection medical basis for the drastic change in his opinions from 2008 to 2013. It noted that Dr. Conovalciuc's 2013 opinion lacked any support by appropriate clinical findings of abnormality documented in the longitudinal medical evidence that would warrant such an extreme degree of restriction. The ALJ noted that Dr. Conovalciuc's opinions

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

were inconsistent with Plaintiff's extremely minimal treatment history. Finally, the ALJ noted that the 2013 opinion was contradicted by Dr. Jamison's more recent opinion, as well as Dr. Shanks' opinion.

The ALJ did not err in rejecting Dr. Conovalciuc's 2013 opinion because it gave specific and legitimate reasons supported by substantial evidence in the record for doing so.

*2. Whether the ALJ properly evaluated Plaintiff's symptoms claims*

ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina*, 674 F.3d at 1112 (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms not entirely credible for the follow reasons: (1) limited treatment history; (2) Plaintiff stopped working for reasons unrelated to his conditions; and (3) objective medical findings reveal some abnormalities but they do not substantiate the degree of limitation alleged by Plaintiff.

The ALJ's credibility determination must be upheld because it provided specific, clear and convincing reasons supported by substantial evidence in the record to discount his claims regarding the severity of his symptoms.

*3. Whether the ALJ erred in failing to apply the Medical-Vocational Guideline for Sedentary Work*

As set forth above, the ALJ properly concluded that Plaintiff is capable of performing light work, with certain restrictions to accommodate his right

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

extremity limitations. Consequently, Plaintiff's arguments regarding the sedentary guidelines are not relevant to the disability determination.

## Conclusion

The ALJ's decision is supported by substantial evidence in the record. As such, the denial of benefits is affirmed.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 24th day of September 2018.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~** 10